IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KING-JOSEPH: PENSON, II,                §
                                        §
        Plaintiff,                      §
                                        §
V.                                      §        No. 3:26-cv-1442-K-BN
                                        §
CAPITAL ONE, N.A.,                      §
                                        §
        Defendant.                      §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff King-Joseph: Penson, II ("Penson") filed this lawsuit against Defendant Capital One, N.A. in a state court in Kaufman County, Texas based on his contention that Capital One breached a contract by not responding to a document entitled "Legal Notice and Demand"; Capital One removed; and Penson's motion to remand was granted because Capital One "failed to meet its burden to establish by a preponderance of the evidence that the amount in controversy meets the minimum jurisdictional requirement." *Penson v. Capital One, N.A.*, No. 3:25-cv-2909-D, 2025 WL 3706953 (N.D. Tex. Dec. 22, 2025).

Capital One removed again on Monday, May 4, 2026 based on Penson's filing of an amended petition on April 3, 2026 that "asserted claims for declaratory relief, as well as conversion, unjust enrichment and breach of contract, in connection with three purported written instruments Plaintiff claims to have sent to Capital One with a combined value of at least $150,000." Dkt. No. 1, ¶ 3 (cleaned up); Dkt. No. 1-24 (first amend. pet.) (alleging that "Defendant has admitted receipt of at least a portion

of the certified mailing, including a document titled 'Legal Notice and Demand'"; that "Defendant has taken the position that it did not receive any instruments with a stated value of $50,000 each, while not denying receipt of the mailing itself"; and that "Defendant['s failure] to return or account for such materials" supports a claim for conversion and seeking "[m]onetary relief in an amount to be proven by competent evidence or determined by the Court at a later stage"); *see also* Dkt. No. 1-25 (second amend. pet., filed May 4, 2025) (seeking monetary relief based on three consumer credit accounts and alleging that "Plaintiff communicated a dispute to Defendant regarding Defendant's asserted authority and asserted rights within the consumer credit account relationship concerning the Account, thereby placing Defendant on notice of a dispute regarding those rights" and that Defendant "failed to provide a substantive response" and "continued collection efforts associated with the Account despite having been placed on notice of a dispute regarding Defendant's asserted rights and authority").

United States District Judge Ed Kinkeade referred this removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Shortly after removal, Penson moved to remand this lawsuit, again for lack of subject-matter jurisdiction based on the amount in controversy. *See* Dkt. No. 5.

And, after reviewing the notice of removal, Penson's operative complaint at the time of removal, and his motion to remand, the undersigned recommends that the Court find that there was subject-matter jurisdiction at the time of removal (and

therefore deny the motion to remand) and that the Court then dismiss Penson's claims under Federal Rule of Civil Procedure 12(b)(6) on its own motion and enter an appropriate sanctions warning.

## Discussion

**I.    Capital One has carried its burden to show that subject-matter jurisdiction under 28 U.S.C. § 1332 existed at the time it removed this lawsuit, and, so, the Court should deny the motion to remand.**

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

So they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

And, "[u]nder 28 U.S.C. § 1446(b)(3), where the original complaint is not initially removable, a defendant may later remove the case to federal court after receipt of 'an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Nieto v. Lantana Cmty. Ass'n, Inc.*, No. 4:19-CV-00239, 2019 WL 3502794, at *5 (E.D. Tex. Aug. 1, 2019).

> Generally, when courts look to "other paper" to ascertain removability, courts are clarifying that diversity jurisdiction has been established. In these diversity cases, a plaintiff will typically bring a state-law claim

> against a diverse party in state court but will not allege an amount in controversy in the complaint. Then, some "other paper" will enable the defendant to ascertain the amount in controversy, establishing federal diversity jurisdiction under 28 U.S.C. § 1332. In these cases, the other paper provides new information – not contained in the complaint – that enables the defendant to ascertain that the case is one which is or has become removable under § 1446(b)(3). When the defendant receives this other paper, the 30-day removal clock begins.

*Id.* (cleaned up).

It is Capital One's burden to show that the Court had subject-matter jurisdiction at the time of removal. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." (cleaned up)); *Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("Assertions that are conclusory are insufficient to support an attempt to establish subject-matter jurisdiction." (cleaned up)); *cf. Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) ("Once the district court [has] found that it had jurisdiction, the jurisdiction is deemed to have vested in the court at the time of removal. An amendment to the complaint limiting damages for jurisdictional purposes cannot divest jurisdiction.").

And, because "subject-matter delineations must be policed by the courts on their own initiative even at the highest level," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (citations omitted), they are "entitled to consider sua sponte whether the jurisdictional amount in controversy requirement had been fulfilled," *Ferrari v. Francis*, 732 F. Supp. 3d 650, 652-53 (N.D. Tex. 2024) (quoting *Mitchell v. Metro. Life Ins. Co.*, 993 F.2d 1544, 1993 WL 185792, at *2 n.3 (5th Cir. 1993); citing

*United States v. Lee*, 966 F.3d 310, 320 n.3 (5th Cir. 2020) ("Unpublished decisions issued before 1996 are binding precedent. 5TH CIR. R. 47.5.3.")).

Under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

Complete diversity of citizenship has been plausibly alleged through the notice of removal. *See* Dkt. No. 1, ¶¶ 18 & 19.

But Capital One must also show "by a preponderance of the evidence that the amount in controversy exceeds" $75,000. *See Greenberg*, 134 F.3d at 1253 & n.13; *Ferrari*, 732 F. Supp. 3d at 654.

The amount in controversy "is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (per curiam) (citation omitted). "The required demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (cleaned up). That is because "[t]he amount in controversy is not proof of the amount the plaintiff will recover but an estimate of the amount that will be put at issue in the course of the litigation. The amount is measured by the value of the object of the litigation." *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022) (cleaned up).

"[T]he plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

More specifically, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Greenberg*, 134 F.3d at 1253 (cleaned up).

As to the amount in controversy, Capital One explains that,

[a]lthough Plaintiff previously moved for remand on the ground that he was not seeking monetary relief in this action, Plaintiff later filed his First Amended Petition specifically seeking monetary damages in an unspecified amount (*see* Ex. A-23, ¶ 30), and then he filed the Second Amended Petition similarly requesting "[m]onetary relief as determined by the Court." Ex. A-24, p. 4.

While Plaintiff seemingly seeks to avoid removal by not specifically identifying the amount of monetary damages he is currently seeking, in actions seeking declaratory relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (internal citations omitted). Here, Plaintiff alleged in the First Amended Petition that he transmitted "written instruments and related documentation" through three (3) certified mailings. *See* Ex. A-23 (First Amended Petition), ¶¶ 7, 9. Exhibits attached to the Amended Petition reflect that the documents allegedly transmitted in each of three (3) mailings included an "International Promissory Note" and "Conditional Acceptance for Value Notice." *Id.* at Ex. C. Plaintiff further identifies the purported value of each of these three (3) instruments to be $50,000. *Id.*, ¶ 12. Thus, in the aggregate, the value of these instruments is $150,000.

Further, after remand Plaintiff served Requests for Admission in the State Court Action that relate to three (3) instruments (later referenced in his First Amended Petition) and three (3) accounts ending in 5642, 5663, 5897 (now referenced in the Second Amended Petition). In the Requests for Admission, Plaintiff defined terms "Instrument No. 1," "Instrument No. 2" and "Instrument No. 3" as instruments each dated January 28, 2025, and specifying each as having a value of $50,000. *See* Ex. B (Herrold Decl.), ¶ 2 at Ex. 1 (Plaintiff's Requests for Admission). Plaintiff sought admissions that Capital One received these three (3) instruments with a value each of $50,000 (RFA Nos. 1-3), that Capital One did not return or deposit these three (3) instruments (RFA Nos. 4-8) and that Capital One did not apply a credit of $50,000 for each

- 6 -

of the three (3) instruments (RFA Nos. 9-11). Capital One objected to the Requests regarding the "Instruments" in part based on the ground that they sought information not relevant to the claims that had been raised in the Original Petition. *See id.*, ¶ 3, at Ex. 2 (Capital One's Objections and Responses to Requests for Admission).

As Plaintiff now seeks declaratory relief regarding these three (3) credit card accounts, including a "determination of the parties' rights arising from Defendant's conduct," and Plaintiff has confirmed both in a prior pleading and in discovery requests that the declaratory relief involves – at minimum – a determination relating to the three (3) instruments with a combined purported value of $150,000, the amount requirement, therefore, is satisfied and Capital One, in an abundance of caution, removes the State Court Action to this forum.

Dkt. No. 1, ¶¶ 22-25.

And the Court should find that Capital One has shown by a preponderance of the evidence that the amount in controversy exceeded $75,000 based at least on its removal of this lawsuit under Section 1446(b)(3) on Monday, May 4, 2026, which was within 30 days of Penson's filing the first amended petition on April 3, 2026. *See* FED. R. CIV. P. 6(a)(1)(C).

The April 3 petition filed in state court qualifies as an amended pleading under Section 1446(b)(3).

A pleading in the context of the removal statute "is a formal written statement of accusation or defense presented by the parties alternately in an action at law." *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 609 n.21 (5th Cir. 2018) (quotations and alterations omitted). That fact that the written statement must be "presented ... in an action at law" to be considered a pleading implies that it must be filed with the court. *Cf. Harris v. Med-Tox Labs., Inc.*, No. 3:96-cv-1132-G, 1997 WL 86458, at *2 (N.D. Tex. Feb. 26, 1997) (finding a courtesy copy of a petition that had not yet been filed did not constitute a pleading in the context of removal); *Leverton v. AlliedSignal, Inc.*, 991 F. Supp. 481, 484 (E.D. Va. 1997) ("[F]or a document to be regarded as a pleading it must, at the very least, be filed with a court.").

*Morales v. FSI Rest. Dev. Ltd.*, No. 4:19-CV-593, 2020 WL 1055727, at *3 (S.D. Tex.

- 7 -

Feb. 12, 2020) (cleaned up; finding that, where an amended petition "was canceled almost immediately and [did] not appear on the state court docket," "[t]he withdrawn amended petition could not constitute an 'amended pleading' under 28 U.S.C. § 1446(b)(3)"), *rec. adopted*, 2020 WL 1046820 (S.D. Tex. Mar. 3, 2020).

And, to the extent that Penson argues that he then amended his allegations again on the same day that Capital One removed this lawsuit – and, so, the first amended petition was superseded by the less clear second amended petition – the April 3 filing still counts as an amended pleading for the reasons set out above – but, if the Court accepts Penson's contentions, the April 3 filing at least counts as "other paper" to support removal. *See id.* at *3 & n.4 (observing that "'paper' under 28 U.S.C. § 1446(b)(3) is defined broadly as 'a written or printed document or instrument' and can include a plaintiff's post-complaint demand letter, responses to interrogatories, or written communications between counsel" and that, "[u]nlike an amended pleading, an 'other paper' need not be filed with the court" (quoting *Morgan*, 879 F.3d at 608, then citing *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000))).

For these reasons, the Court should also deny the motion to remand.

## II. The Court may review the sufficiency of Penson's factual allegations on its own motion, and, doing so, the Court should dismiss his claims under Federal Rule of Civil Procedure 12(b)(6).

A district court may "consider the sufficiency of the complaint on its own initiative." *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991) (citation omitted); *see also Bell v. Valdez*, 207 F.3d 657 (table), 2000 WL 122411, at *1 n.1 (5th Cir. Jan. 4, 2000) (per curiam) ("[I]t is well-established that the district court may

dismiss a complaint on [Federal Rule of Civil Procedure] 12(b)(6) grounds *sua sponte*." (citations omitted)).

Considering a dismissal under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is

not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions. So, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

So, "to survive" dismissal under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (While "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." (cleaned up)).

"The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context

- 10 -

requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted). And "[a] magistrate judge's report and recommendation constitutes sufficient notice and opportunity, as the parties can submit objections to the recommended findings and conclusions." *Jones v. City of Dall., Tex.*, No. 24-10803, 2025 WL 2491127, at \*6 (5th Cir. Aug. 29, 2025) (per curiam) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

Penson's allegations may be purposely opaque as an attempt to avoid federal subject-matter jurisdiction.

The lack of factual content does not defeat that jurisdiction for the reasons set out above.

But it does prevent the Court from drawing a reasonable inference that Capital One is liable for any misconduct under Penson's theories of relief. Because, stripped of all conclusory assertions, all Penson has plausibly alleged is that he sent documents to Capital One and it failed to respond to him. *See Jones-Timms v. Freedom Chevrolet Buick GMC*, No. 3:25-cv-1209-X-BN, 2025 WL 2831958, at \*4 (N.D. Tex. May 22, 2025) ("Putting aside the statutes cited and focusing just on the facts alleged, a defendant's failing to return a negotiable instrument that a plaintiff sent to it unprompted – or extend credit to that plaintiff – does not, under the facts that Jones-Timms alleges, result in either a breach of contract or a breach of fiduciary duties." (citing *Wesco v. Capital One Auto Fin.*, No. 3:24-cv-2276-D-BW, 2024 WL 5358445, at \*2 (N.D. Tex. Dec. 9, 2024) ("At bottom, Wesco alleges that he applied for

credit from Capital One to purchase a car and that Capital One declined to extend credit to him. Such allegations do not raise a plausible claim that Capital One breached fiduciary duties or violated any federal statute. The Court should therefore dismiss Wesco's complaint under [28 U.S.C.] § 1915(e)(2)(B)(ii)."), *rec. adopted*, 2025 WL 295737 (N.D. Tex. Jan. 23, 2025); *Douglas v. AT&T Servs., Inc.*, No. 3:23-CV-328-MPM-RP, 2023 WL 6883667, at *2 (N.D. Miss. Sept. 5, 2023) ("The plaintiff admittedly fell behind on her payments, and when AT&T notified her of the amounts owed, the plaintiff appointed an 'attorney-in-fact' by the same name but in reverse and repeatedly attempted to submit as payment 'endorsed negotiable instruments' which in reality were simply copies of her AT&T bills. AT&T eventually terminated the plaintiff's phone service for non-payment and later restored the plaintiff's service after she paid the amount owed. The plaintiff's claims of securities fraud, defamation and breach of contract are not grounded in reality and have no arguable basis in fact."), *rec. adopted*, 2023 WL 6881817 (N.D. Miss. Oct. 18, 2023))), *rec. accepted*, 2025 WL 2831467 (N.D. Tex. Oct. 6, 2025); *see also Venkatraman v. Bank of Am., N.A.*, No. 3:24-cv-2821-K-BW, 2025 WL 2347189, at *5 (N.D. Tex. July 25, 2025) ("'The elements of a breach of contract action under Texas law are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.' Venkatraman does not allege facts that enable the undersigned to draw a reasonable inference that BOA breached any contractual duty that it owed to him…. [And] Texas law does not recognize the existence of fiduciary duties based merely on

a banking relationship." (quoting *Hunter v. Navy Fed. Credit Union*, 749 F. Supp. 3d 743, 748 (N.D. Tex. 2024); citations omitted)), *rec. accepted*, 2025 WL 2345070 (N.D. Tex. Aug. 13, 2025), *aff'd*, 2026 WL 1008501 (5th Cir. Apr. 14, 2026).

### III. The Court should issue an appropriate sanctions warning.

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Hous.*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). Still, "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means that p]ro se litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dall. Cnty., Tex.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)); *see also Matter of Carroll*, 850 F.3d 811, 815 (5th Cir. 2017) ("Federal courts have inherent powers which include the authority to sanction a party or attorney when necessary to achieve the orderly and expeditious disposition of their dockets." (quoting *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 411 (5th Cir. 1996); citation omitted)).

This is not the first time that a judge in this district has encountered Penson's baseless legal theory – made without further factual content that could support a plausible claim – that his sending to a defendant a "Legal Notice and Demand" and the defendant's then not responding to him somehow entitles him to relief against that defendant. *See Penson v. Lakeview Loan Servicing, LLC*, No. 3:25-cv-1574-B-BN, 2026 WL 692366 (N.D. Tex. Feb. 5, 2026), *rec. accepted*, 2026 WL 691583 (N.D. Tex.

- 13 -

Mar. 11, 2026) (at summary judgment, denying Penson's motion and granting the defendant's motion, where "[l]iberally construed, Penson assert[ed] claims of breach of contract, misrepresentation, and fraud based on his sending to Lakeview 'a valid instrument intended for full settlement' and its 'fail[ure] to honor it or respond in good faith'" (citations omitted)).

Accordingly, the Court should warn Penson that continuing to pursue such baseless legal theories, which waste limited judicial resources, could result in sanctions under the Court's authority to control its docket that could restrict his ability to prosecute lawsuits in this district *pro se* and/or *in forma pauperis* whether that suit is filed here, removed from state court, or transferred from another federal judicial district.

### Recommendation

The Court should deny the motion to remand [Dkt. No. 6]; on its own motion, dismiss this lawsuit with prejudice under Federal Rule of Civil Procedure 12(b)(6); and issue an appropriate sanctions warning.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 7, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE